UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DOROTHY MERCADO** ) | Case Number |
| ) | |
| **Plaintiff** ) | |
| ) | |
| vs. ) | CIVIL COMPLAINT |
| ) | |
| **PATENAUDE & FELIX, APC** ) | |
| ) | JURY TRIAL DEMANDED |
| **Defendant** ) | |
| ) | |

## COMPLAINT AND JURY DEMAND

**COMES NOW**, Plaintiff, Dorothy Mercado, by and through her undersigned counsel, Bruce K. Warren, Esquire, and Brent F. Vullings, Esquire of Warren & Vullings, LLP, complaining of Defendant, and respectfully avers as follows:

### I. INTRODUCTORY STATEMENT

1. Plaintiff, Dorothy Mercado, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices, the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. § 2270.4 ("PFCEUA) and the Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1-201-9.3 ("UTPCPL") which prohibits debt collectors and original creditors from engaging in abusive, deceptive and unfair practices.

## II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Venue in this District is proper in that the Plaintiff resides in this District and the Defendant conducts business in this District.

## III. PARTIES

4. Plaintiff, Dorothy Mercado, is an adult natural person residing in 129 N. Northampton Street, Bangor, PA 18013. At all times material and relevant hereto, Plaintiff is a ("consumer") as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, Patenaude & Felix, APC ("Defendant"), at all times relevant hereto, is a professional corporation engaged in the business of collecting debt within the state of California with its primary address at 4545 Murphy Canyon Road, 3rd Floor, San Diego, CA 92123.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV. FACTUAL ALLEGATIONS

7. In April, 2010, Plaintiff started to receive calls from Defendant in regards to a debt allegedly owed on a Target account.

8. Plaintiff was told that she owed approximately $4,105.00 to the Defendant.

9. Defendant was placing calls to the Plaintiff's home and work numbers.

10. In April, 2010, an agent of the Defendant left a message for the Plaintiff on her boss's voice mail informing him that the call was from an attorney's office.

11. Plaintiff was embarrassed and fearful for her job.

12. Around that same time, Plaintiff called Defendant and informed them that she was in a debt settlement program with the law firm of Persels & Associates, LLC and that they should call their firm directly on this matter.

13. Defendant refused to work with Persels, stating that they cannot work with a third (3rd) party.

14. Throughout the month of April and May, 2010, Plaintiff continued to receive 5 to 6 calls a day from the Defendant.

15. On or around July 1, 2010, Persels sent a "cease and desist" letter to the Defendant informing them in writing that they represented the Plaintiff in their debt settlement negotiations and for them to update their records to reflect their firm as Defendant's sole contact. **See Exhibit "A" (letter) attached hereto.**

16. Plaintiff continued to receive calls from Defendant looking for payment on this debt.

17. On or about August 23, 2010, Persels sent a second "cease and desist" letter to the Defendant. **See Exhibit "B" (letter) attached hereto.**

18. Any and all contact with the Plaintiff after knowledge that they were being represented by an attorney constitutes a violation of the Fair Debt Collection Practices Act.

19. The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress or abuse such person in connection with the collection of a debt.

20. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

21. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of Defendant herein.

22. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

23. As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, damage to Plaintiff's credit, invasion of privacy, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and she will continue to suffer same for an indefinite time in the future, all to her great detriment and loss.

## COUNT I - FDCPA

24. The above paragraphs are hereby incorporated herein by reference.

25. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt"

defined by 15 U.S.C. § 1692a(5).20. The foregoing acts and omissions constitute violations of the FDCPA, including, but not limited to, violations of:

| | |
|---|---|
| §§ 1692c(a)(2): | After it knows the consumer to be represented by an attorney unless attorney consents or is unresponsive |
| §§ 1692c(c): | After written notification that consumer refuses to pay debt or that consumer wants collector to cease communication |
| §§ 1692d: | Any conduct the natural consequence of which is to harass, oppress, or abuse any person |
| §§ 1692d(5): | Caused the phone to ring or engaged any person in telephone conversations repeatedly |
| §§ 1692e: | Any other false, deceptive, or misleading representation or means in connection with the debt collection |
| §§ 1692f: | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, Patenaude & Felix, APC for the following:

a. Actual damages;

b. Statutory damages pursuant to 15 U.S.C. § 1692k;

c. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d. Such additional and further relief as may be appropriate or that the interests of justice require.

## COUNT II
## VIOLATIONS OF PENNSYLVANIA FAIR CREDIT EXTENSION UNIFORMITY ACT
## (FCEUA, 73 Pa. C.S. § 2270.1 et seq.)

26. Plaintiff repeat, re-allege and incorporate by reference the foregoing paragraphs.

27. The collection of a debt in Pennsylvania is proscribed by the Fair Credit Extension Uniformity Act at 73 Pa. C.S. § 2270.1 et seq., ("FCEUA") and the Pennsylvania Unfair Trade Practices and Consumer Protection Law 73 Pa. C.S 201-1 et seq. ("UTPCPL"). Defendant is a debt collector pursuant to 73 Pa. C.S. § 2270.3.

28. The alleged debt Defendant was attempting to collect is a debt as defined by 73 Pa. C.S. § 2270.3.

29. The FCEUA proscribes, inter alia, engaging in any false, misleading or deceptive representations when attempting to collect a consumer debt.

30. The actions of Defendant, as aforesaid, constitute false, misleading or deceptive representations.

31. Violations of the FDCPA is a per se violation of the FCEUA and the UTPCPL.

32. As a direct and proximate result of the said actions, Plaintiff has suffered financial harm.

33. By virtue of the violations of the law as aforesaid, and pursuant to the FCEUA and UTPCPL, Plaintiff is entitled to an award of actual damages, treble damages, attorney's fee and costs of suit.

**WHEREFORE**, Plaintiff prays this Honorable Court enter judgment in their favor and against Defendant, and Order the following relief:

a. Actual damages;

b. Treble damages;

c. An award of reasonable attorneys fees and expenses and costs of court; and

d. Such additional relief as is deemed just and proper, or that the interests of justice require.

## COUNT III
## VIOLATIONS OF PENNSYLVANIA CONSUMER PROTECTION LAW ("UTPCPL"), 73 Pa. C.S. § 201-1 et seq.

34. The foregoing paragraphs are incorporated herein by reference.

35. Plaintiff and Defendant are "Persons" to 73 Pa. C.S § 201-2.

36. The UTPCPL proscribes, inter alia, engaging in any "unfair or deceptive acts or practices", either at, and prior to or subsequent to a consumer transaction.

37. The action of Defendant, as aforesaid, constitutes unfair acts or practices under the UTPCPL, by way of the following, inter alia:

a. Defendant misrepresented to Plaintiff, the character, extent or amount of the debt or its status in a legal proceeding, 73 Pa. C.S. § 201-3.1;

b. Defendant engaged in deceptive or fraudulent conduct which created a likelihood of confusion or of misunderstanding, 73 Pa. C.S. § 201-2(xxi);

c.  Defendant failed to comply with the FDCPA and FCEUA which are per se violations of the UTPCPL.

38. As a direct and proximate result of the said actions, Plaintiff has suffered financial damages and other harm.

39. By virtue of the violations of law aforesaid and pursuant to the UTPCPL, Plaintiff is entitled to an award of actual damages, treble damages, attorney's fees and costs of suit.

**WHEREFORE** Plaintiff prays this Honorable Court enter judgment in their favor and against Defendant, and Order the following relief:

a.  An Order declaring that Defendant violated the UTPCPL;

b.  Actual damages;

c.  Treble damages;

d.  An award of reasonable attorney's fees and expenses and cost of suit; and

e.  Such additional relief as is deemed just and proper, or that the interest of justice may require.

## V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

Respectfully submitted,

**WARREN & VULLINGS, LLP**

Date: September 20, 2010

BY: _/S/Bruce K. Warren BKW4066_
Bruce K. Warren, Esquire

BY: _/S/Brent F. Vullings BFV8435_
Brent F. Vullings, Esquire

Warren & Vullings, LLP
1603 Rhawn Street
Philadelphia, PA 19111
215-745-9800   Fax 215-745-7880
Attorneys for Plaintiff